Warren Brumel, Esq. WB3626
65D Main Street, P.O. Box 181
Keyport, New Jersey  07735
Tel. (732) 264-3400
*Attorney for Debtor*

-------------------------------------------------------------------------------------------------------------------

# UNITED STATES BANKRUPTCY COURT
for the
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In the Matter of* | RETURN DATE: **10/16/13 at 9:00** |
| **HOPE D. BERNHARD** | CASE NO. 10-50005-KCF |
| | *Chapter 13* |

### Notice of Motion Objecting to Claim and to Avoid Non-Possessory, Non-Purchase Money Security Interest and Reclassify Proof of Claim of Capital One, NA as Unsecured

**TO:**   Albert Russo, Esq.
*Trustee*
CN 4853
Robbinsville, NJ 08691

Capital One, NA
C/O Bass & Associates
3936 E. Ft Lowell Rd
Suite 200
Tucson, AZ 85712

***Please take notice,*** that upon the application of Warren Brumel, Esq., attorney for debtor, the undersigned will move before this Court at the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey at the date and time above**,** or as soon thereafter as counsel can be heard, for an Order avoiding the non-possessory, non-purchase money security interest and reclassifying the Proof of Claim filed by Capital One, NA as unsecured, or in the event said claim is found to be secured, reducing said claim to the value of the collateral, together

with such other and further relief as the Court deems just and proper, on the following grounds:

1. The Proof of Claim designates the claim as secured without specifically describing the collateral and its value. The claim must be bifurcated and allowed as secured only to the extent of the value of the collateral, if any, in accordance with 11 U.S.C. §506 and applicable law.

2. The lien, if any, is invalid as against property which is exempt and not subject to levy. Accordingly, there is no value to the lien as there are no non-exempt assets.

3. No documentation is provided to prove the claim's secured status as the alleged collateral is not described with particularity sufficient to identify same. The Loan Agreement fails to clearly and in plain language indicate it is a security agreement. The lender is stated as Household Bank (SB), NA, who is not the entity that filed the claim nor sold the goods. The Proof of Claim was filed in the name of HSBC Bank Nevada. No evidence of a debt owed to said entity is provided.

4. Any and all such possessions purchased are household goods with the meaning of 11 U.S.C. §522(f)(4)(B) or are other personal property of the kind described in §522(f)(1)(B), and have been claimed as fully exempt in the within bankruptcy case.

5. The existence of the lien, if any, on debtors' household and personal goods impairs exemptions to which the debtors would be entitled under 11 U.S.C. §522(b). Accordingly, said the alleged security interest, if any, of creditor be avoided.

6. The items purchased include items with no resale value. The amount of the claim does not accurately reflect the value of the collateral on the date of the filing of the petition. The sales transaction included non-personalty items such as extended warranty, tax and service contracts which have no value as collateral.

**Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then on or before seven days prior to the return date above, you or your attorney must file with the court a written response to the objection, explaining your position. You should also mail a copy of your response to

the debtor's attorney set forth above.  You must also attend the hearing on the objection, scheduled to be held on the date set forth above at the U.S. Courthouse, 402 East State Street, Trenton, NJ.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.**

Dated: September 10, 2013                                            */s/ Warren Brumel, Esq.*
                                                                                          WARREN BRUMEL, ESQ.
                                                                                          *Attorney for Debtor*

### STATEMENT OF NO BRIEF NECESSARY

In accordance with Local Rule 9013-2, a brief is not necessary for the determination of the within Motion as the matter is regular in form and nature and does not involve complex issues of law.

*/s/Warren Brumel, Esq.*
WARREN BRUMEL, ESQ.